IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MONIQUE FULTZ,                )
                              )
         Plaintiff,           )
                              )
    v.                        )    Case No. 14 C 4871
                              )
TARGET CORPORATION,           )
                              )
         Defendant.           )

## MEMORANDUM OPINION AND ORDER

On June 27, 2014 counsel for Target Corporation ("Target"), the defendant in this personal injury action brought against it by Monique Fultz ("Fultz"), filed a Notice of Removal ("Notice") to bring the case from the Circuit Court of Cook County, Law Division to this District Court. Because this Court's mandated obligation is to "police subject matter jurisdiction sua sponte" (Wernsing v. Thompson, 423 F.3d 732, 743 (7th Cir. 2005)), and because it finds the effort by Target's counsel to remove this action is problematic because of its belated filing, this memorandum opinion and order directs counsel to address the subject anew.

Although Target was admittedly served with a copy of the Complaint on or about May 15, 2014 and filed its responsive pleading in the Circuit Court on June 11, its filing of the Notice did not take place until fully six weeks had elapsed after the May 15 date of service -- and that was so even though 28 U.S.C. § 1446(b)(1)[1] requires the notice of removal to be filed within 30 days after defendant's receipt of a copy of the complaint. Target's counsel tries to find refuge

---
[1] All further references to Title 28's provisions will simply take the form "Section --," omitting the prefatory "28 U.S.C. §."

in Section 1446(b)(3), which under appropriate circumstances says that "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." And to that end counsel seeks to rely on the June 23 date of receipt of Fultz's response to a Request To Admit Facts that "refused to agree or stipulate that the amount in controversy is less than $75,000.00 exclusive of interest and costs" (Notice ¶ 4). But the troublesome aspect of such reliance is that Section 1446(b)(3) comes into play only "if the case stated by the initial pleading is not removable" -- and for the reasons explained later, Target's counsel has not established that precondition.

Target's counsel's approach to this aspect of the removal process finds its antecedent in the two-decades-old case of <u>Shaw v. Dow Brands, Inc.</u>, 994 F. 2d 364 (7th Cir. 1993), in which this Court (sitting with a Seventh Circuit panel by invitation) dissented from the two-Judge majority opinion that allowed a pleading admission that the requisite amount was in controversy to prevail over hard evidence to the contrary.[2] Although the majority did not buy this Court's ultimate view as set out in detail at 994 F.2d 371-78, it found "eminently sensible" (<u>id.</u> at 367) this Court's contention "that, before the defendant seeks to remove a case, she should request the specific amount in controversy from the plaintiff by interrogatory" (<u>id.</u>) -- sound familiar?

This Court was then chairman of this District Court's Rules Committee, and in that capacity it drafted -- and our District Court adopted -- the version of LR 81.2 quoted in <u>Rubel v. Pfizer Inc.</u>, 363 F.3d 1016, 1018 (7th Cir. 2004) (to which LR Target's Notice ¶ 4 refers). That

---

[2] As a minor digression, to this Court's knowledge every other circuit that has considered the same problem since <u>Shaw</u> has followed the analysis put forth in this Court's dissent, rather than the majority opinion in that case.

LR sought to establish a bright-line rule that would eliminate the type of uncertainty, on the part of a defendant trying to decide when a notice of removal must be filed, that can be posed by a complaint such as the one brought by Fultz here.[3]

That uncertainty is created by the Illinois statute (which has its counterpart in some other states as well) that prohibits setting out an express ad damnum in personal injury cases. What that prohibition does is to foster the filing of complaints that, like Fultz's, seek judgment "in a sum of money exceeding $50,000.00 as and for compensatory damages" -- a demand that under Ill. S. Ct. Rule 222 allows a broader type and scope of discovery than is available in a case seeking a lesser amount.

But Target's counsel has not faced up to the situation that existed back in mid-May of this year, when Target first received service of Fultz's Complaint. At that time counsel knew not only that Fultz and her counsel regarded her claim as exceeding $50,000 but also that her slip and fall at a Target store had these asserted consequences (Complaint ¶ 7):

> That as a direct and proximate result of one or more of the foregoing careless and negligent acts of the defendant, Target Corporation plaintiff, Monique Fultz was injured in body and mind and became sore, lame and disabled and suffered pain and anguish and will continue to so suffer in the future; further, the plaintiff, was caused to incur medical expenses in endeavoring to be cured of her said injuries and will incur further such expenses in the future; further the plaintiff was prevented from attending to her ordinary daily affairs and activities which she would otherwise would have engaged and was prevented from attending to or engaging in her occupation or employment and loss great gains, profits, salaries or earnings; further, the plaintiff suffered a loss of normal life and/or disability.

---

[3] In Rubel our Court of Appeals cast doubt on the validity of the detailed LR 81.2(a) requirements in a situation in which the asserted amount in controversy is dependent on the plausibility of a defendant's estimate of the stakes, as with a prayer for injunctive relief (301 F.3d at 1020). Rather than wrestle with further fine tuning, our District Court repealed the version quoted in Rubel.

At that point Target and its counsel were certainly on notice that Fultz's Complaint and her injuries were serious and not trivial -- or at a minimum that they were regarded by Fultz and her counsel in that light (which suffices for amount-in-controversy purposes). Even though Complaint ¶ 7's language is familiar and may sometimes be employed as boilerplate in less serious cases, Fultz's over-$50,000 demand is totally at odds with any notion of a trivial occurrence or trivial claim.[4]

What all of this tells us is that it cannot fairly be said, just because Target's counsel chose to go the interrogatory route, that "the case stated by the initial pleading [was] not removable" (Section 1446(b)(3)). And that being so, it also cannot be said that the 30 day removal clock had not already begun to tick by May 27, thus rendering Target's Notice untimely. No information has been provided to this Court as to the steps that were, or could, or should have been taken by Target or its counsel or both early on to learn the nature of the occurrence and of Fultz's injuries, either from Target's records or from inquiries directed to Fultz's counsel or both.

In short, a good deal more factual input is essential so that this Court can determine the timeliness of the removal. It must always be remembered that, as Meridian Sec. Ins. Co. v. Sadowski, 441 F.3d 536, 542 (7th Cir. 2006) has quoted from Shaw as sound principle even while disavowing another aspect of the Shaw majority opinion:

> [T]he burden rests on the defendant in a removal action to prove that the amount in controversy is sufficient. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66 L.Ed. 144 (1921). Defendants seeking removal may meet that burden by a preponderance of the evidence, *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936).

---

[4] In the real world, what percentage of personal injury cases are viewed by plaintiffs or their lawyers as giving rise to a potential claim of more than $50,000 but less than $75,000?

Target's counsel is therefore ordered to file a submission in accordance with the requirements of this opinion on or before July 14, 2014. This Court will then determine whether or not Section 1446(b)(3) is applicable here, so as to render the Notice timely or untimely.

															_____
															Milton I. Shadur
															Senior United States District Judge

Date: July 1, 2014